**SUMMONS ISSUED**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

RAFAEL SOTO,

                              Plaintiff,

          -against-

THE CITY OF NEW YORK, COUNTY OF KINGS,
DISTRICT ATTORNEY CHARLES J. HYNES,
DETECTIVE DANIEL BONILLA, JOHN and JANE DOE
2 – 10, individually and in their official capacities (the
names John and Jane Doe being fictitious, as the true
names are presently unknown),

                              Defendant.
------------------------------------------------------------------x

CV 12-4241
BRODIE, J.

COMPLAINT

POHORELSKY, M.J.

JURY TRIAL DEMANDED

2012 AUG 23 PM 4:18
U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK
FILED
CLERK

### NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution of the United States.

### JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343, and 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

### JURY DEMAND

5. Plaintiff demands a trial by jury in this action.

### PARTIES

6. Plaintiff Rafael Soto ("Plaintiff" or "Mr. Soto"), an Hispanic-American male, is a resident of Union County in the City of Rahway, State of New Jersey.

7. Mr. Soto is the owner of a bread route which spans Queens and Kings counties in New York State, the City of New York.

8. Defendant The City of New York is a municipal organization organized under the laws of the State of New York. It operates the New York City Police Department ("NYPD"), a department or agency of Defendant The City of New York. The NYPD is responsible for the appointment, training, supervision, promotion, and discipline of police officers and supervisory police officers, including Defendants Detective Daniel Bonilla, John Doe 2, and John/Jane Doe 3 herein.

9. Defendant The City of New York operates the New York City Deparment of Corrections ("NYCDOC"), a department or agency of Defendant The City of New York. NYCDOC is responsible for the appointment, training, supervision, promotion, and discipline of corrections officers and supervisory corrections officers, including Defendants John/Jane Doe 7 – 10 herein.

10. Defendant County of Kings is a county organized under the laws of the State of New York. By and through Defendant District Attorney Charles J. Hynes, Defendant County of Kings operates the Kings County District Attorney's Office ("KCDAO"), a department, office, or agency of Defendant County of Kings. The KCDAO is responsible for the appointment, training, supervision, promotion, and discipline of KCDAO assistant district attorneys and employees.

11. Defendant The City of New York also operates the KCDAO. To that end, Defendant The City of New York pays the salaries of those persons employed with the KCDAO.

12. Defendant Detective Daniel Bonilla ("Bonilla"), at all times relevant herein, was an officer, employee, and agent of the NYPD. He is sued in his individual and official capacities.

13. Defendant John Doe 2, at all times relevant herein, was an officer, employee, and agent of the NYPD. He is sued in his individual and official capacities.

14. Defendant John/Jane Doe 3, at all times relevant herein, was an officer, employee, and agent of the NYPD. He/she is sued in his/her individual and official capacities.

15. Defendant John/Jane Doe 4, at all times relevant herein, was an attorney, employee, and agent of and with the KCDAO. He/she is sued in his/her individual and official capacities.

16. Defendant John/Jane Doe 5, at all times relevant herein, was a paralegal, employee, and agent of and with the KCDAO. He/she is sued in his/her individual and official capacities.

17. Defendant John/Jane Doe 6, at all times relevant herein, was an attorney, employee, and agent of and with the KCDAO. He/she is sued in his/her individual and official capacities.

18. Defendants John/Jane Doe 7 – 10, at all times relevant herein, were officers, employees, and agents of NYCDOC. They are sued in their individual and official capacities.

19. At all times relevant herein, all individual defendants were acting under color of state law.

20. At all times relevant herein, Defendant Detective Daniel Bonilla was acting within the scope of his employment.

21. At all times relevant herein, Defendants John and Jane Doe 2 – 6 were acting within the scope of their employment.

22. At all times relevant herein, Defendant District Attorney Charles J. Hynes was acting within the scope of his office as District Attorney of the County of Kings.

## STATEMENT OF FACTS

23. On or about November 7, 2011, Mr. Soto was lured to the 76th Precinct in Kings County by Defendant Detective Daniel Bonilla.

24. Once at the 76th Precinct, Mr. Soto was falsely arrested by Defendants Detective Daniel Bonilla and John Doe 2 on charges under New York Penal Law §§ 135.20, 140.30(2), 140.30(3), 160.15(3), 110/120.10(1), 140.25(1)(d), 140.25(2), 160.10(1), 160.10(2)(a), 160.10(2)(b), 160.10(3), 120.05(2), 105.10(1), and 135.10.

25. Defendants Detective Daniel Bonilla and John Doe 2 did not have probable cause to effect Mr. Soto's arrest.

26. Prior to and after Mr. Soto's arrest, Defendants Detective Daniel Bonilla and John Doe 2 fabricated evidence against Mr. Soto.

27. Prior to and after Mr. Soto's arrest, Defendants John/Jane Doe 4, John/Jane Doe 5, and John/Jane Doe 6, acting in an investigative capacity, fabricated evidence against Mr. Soto.

28. Upon information and belief, the individual defendants acted in concert, conspiring with each other to violate Mr. Soto's constitutional rights by jointly fabricating evidence against him; by coordinating their related actions against Mr. Soto; by conspiring to

arrest Mr. Soto; and by jointly deciding, preparing, and presenting fabricated evidence against Mr. Soto.

29. At all times relevant herein, John/Jane Doe 3 was acting in a supervisory capacity.

30. At all times relevant herein, John/Jane Doe 6 was acting in a supervisory capacity.

31. Upon information and belief, Mr. Soto's arrest was approved by John/Jane Doe 3 and/or John/Jane Doe 6.

32. At some point during his incarceration, Mr. Soto was transferred to Riker's Island.

33. Upon entering Riker's Island, Mr. Soto was strip-searched by John Doe 7.

34. As John Doe 7 was strip-searched, John/Jane Does 8 and 9 watched.

35. The strip-search of Mr. Soto was done under the direction and approval of John/Jane Doe 10.

36. Defendants Daniel Bonilla and John Doe 2 gave perjured testimony before a grand jury in relation to the charges against Mr. Soto.

37. John/Jane Doe 4, in seeking to ensure that the grand jury would indict Mr. Soto, and outside his/her duties as a prosecutor, deliberated with the grand jury and caused the grand jury to return an indictment against Mr. Soto.

38. By Order of the Honorable Justice Ruth Shillingford, dated February 28, 2012, the indictment against Mr. Soto was dismissed.

39. The charges against Mr. Soto were terminated in his favor.

40. As a result of Defendants' actions, Mr. Soto, *inter alia*, was incarcerated for approximately five days, lost inventory from his business, lost business accounts, lost the sale of

his bread route, was strip searched, and caused to hire an criminal defense attorney at his own expense.

41. Upon information and belief, Defendant District Attorney Charles J. Hynes was aware of and approved of the actions of the employees of the KCDOA, including those actions taken by Defendants John/Jane Does 4 – 6.

## FIRST CAUSE OF ACTION
### *42 U.S.C. § 1983*

42. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

43. Defendants, by their conduct toward Plaintiff as alleged herein, violated Plaintiff's rights guaranteed by 42 U.S.C. § 1983, the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States.

44. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein alleged.

## SECOND CAUSE OF ACTION
### *Unlawful Search*

45. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

46. Defendants John/Jane Does 7 – 10 violated the Fourth and Fourteenth Amendments because they searched Plaintiff without reasonable suspicion.

47. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein alleged.

## THIRD CAUSE OF ACTION
### *False Arrest*

48. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

49. Defendants Detective Daniel Bonilla and John/Jane Does 2 – 6 violated the Fourth and Fourteenth Amendments because they arrested Plaintiff without probable cause.

50. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein alleged.

### FOURTH CAUSE OF ACTION
*Denial of Substantive Due Process*

51. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

52. Defendants Detective Daniel Bonilla and John/Jane Does 2 - 6 created false evidence against Plaintiff.

53. Defendants Detective Daniel Bonilla and John/Jane Does 2 - 6 forwarded false evidence to prosecutors in the King's County District Attorney's Office.

54. In creating false evidence against Plaintiff, and in forwarding false evidence to prosecutors, Defendants Detective Daniel Bonilla and John/Jane Does 2 - 6 violated Plaintiff's right to substantive due process under the Due Process Clause of the Fifth and Fourteenth Amendments of the Constitution of the United States.

55. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein alleged.

### FIFTH CAUSE OF ACTION
*Malicious Abuse of Process*

56. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

57. Defendants Detective Daniel Bonilla and John/Jane Does 2 - 6 issued legal process to place Plaintiff under arrest.

58. Defendants Detective Daniel Bonilla and John/Jane Does 2 - 6 arrested Plaintiff in order to obtain collateral objectives outside the legitimate ends of the legal process, to wit, to obtain more arrests, to obtain more indictments, to obtain more convictions, to obtain overtime pay, and to obtain promotions within their respective agencies, among other things.

59. Defendants Detective Daniel Bonilla and John/Jane Does 2 - 6 acted with intent to do harm to Plaintiff without excuse or justification.

60. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein alleged.

### SIXTH CAUSE OF ACTION
*Conspiracy under 42 U.S.C. § 1983*

61. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

62. The Defendants jointly participated in the deprivation of Plaintiff's constitutional rights as set forth herein.

63. The Defendants conspired in the deprivation of Plaintiff's constitutional rights by collectively lying about Plaintiff's actions and conduct; fabricating evidence against him; deliberating with the grand jury to secure an indictment against him; and intentionally withholding and/or destroying exculpatory evidence in order to support the Defendants' fabricated version of the events.

64. As a result of the Defendants' malicious efforts to damage plaintiff, Plaintiff's liberty was restricted, he was restrained, injured while in custody, subjected to handcuffing, and, among other things, falsely arrested and prosecuted.

65. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein alleged.

### SEVENTH CAUSE OF ACTION
*Failure to Intervene*

66. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

67. Those individual defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct; had an opportunity to prevent such conduct; had a duty to intervene and prevent such conduct; and failed to intervene.

68. Accordingly, the individual defendants who failed to intervene violated the Fourth, Fifth, and Fourteenth Amendments of the Constitution of the United States.

69. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein alleged.

### EIGHTH CAUSE OF ACTION
*Equal Protection Clause under 42 U.S.C. § 1983*

70. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

71. The Defendants' conduct was tantamount to discrimination against Plaintiff based on his ethnicity. Other individuals who are not Hispanic are not falsely arrested; conspired against; and strip-searched, among other things. This disparate treatment caused Plaintiff to suffer serious injuries.

72. As a result of the foregoing, Plaintiff was deprived of his rights under the Equal Protection Clause of the Constitution of the United States, and is thereby entitled to damages.

### NINTH CAUSE OF ACTION
*Supervisory Liability under 42 U.S.C. § 1983*

73. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

74. Defendants John/Jane Does 3, John/Jane Doe 6, and District Attorney Charles J. Hynes personally caused Plaintiff's constitutional injuries by being deliberately or conciously

indifferent to the rights of others in failing to properly supervise their subordinate employees regarding the adequate and proper investigation of the underlying facts that preceeded Plaintiff's arrest, and by approving Plaintiff's arrest despite the availability of exculpatory evidence and/or the lack of probable cause.

75. Defendants John/Jane Doe 6 and District Attorney Charles J. Hynes personally caused Plaintiff's constitutional injuries by being deliberately or consciously indifferent to the rights of others in failing to properly supervise their subordinate employees regarding the adequate and proper marshalling of evidence, and the prohibition of deliberating with the grand jury.

76. Defendant John/Jane Doe 10 personally caused Plaintiff's constitutional injuries by being deliberately or consciously indifferent to the rights of others in failing to properly supervise his/her subordinate employees regarding the adequate and proper grounds for strip-searches, and by approving Plaintiff's strip-search despite a legal basis for doing so.

77. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein alleged.

### TENTH CAUSE OF ACTION
*Monell*

78. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

79. This is not an isolated incident. Defendant The City of New York, through its policies, customs, and practices, directly caused the constitutional violations suffered by plaintiff.

80. Defendant The City of New York, through the NYPD, has had, and still has, hiring practices that it knows will lead to the hiring of police officers lacking the intellectual

capacity and moral fortitude to discharge their duties in accordance with the Constitution of the United States and is indifferent to the consequences.

81. Defendant The City of New York, through the NYPD, has a *de facto* quota policy that encourages unlawful arrests, the fabrication of evidence, and perjury.

82. Defendant The City of New York, through the NYPD, has a *de facto* overtime policy that encourages and incentivizes false arrests, the fabrication of evidence, and perjury.

83. Defendants The City of New York, District Attorney Charles J. Hynes, and County of Kings, through the KCDAO, have *de facto* employee and attorney promotion policies that encourage negligent investigations; the fabrication of evidence; perjury; and improper manipulation of grand juries, including marshalling evidence to the point of deliberation with the grand jury.

84. Defendants The City of New York, District Attorney Charles J. Hynes, and County of Kings, through the KCDAO, have had, and still have, hiring practices that they know will lead to the hiring of employees and attorneys lacking the intellectual capacity and moral fortitude to discharge their duties in accordance with the Constitution of the United States and is indifferent to the consequences.

85. Defendants The City of New York, District Attorney Charles J. Hynes, and County of Kings, through the KCDAO, have *de facto* policies that encourage competition among employees and attorneys. These policies encourage negligent investigations; the fabrication of evidence; perjury; and improper manipulation of grand juries, including marshalling evidence to the point of deliberation with the grand jury.

86. Defendant The City of New York, through the NYCDOC, has had, and still has, hiring practices that it knows will lead to the hiring of employees and officers lacking the intellectual capacity and moral fortitude to discharge their duties in accordance with the Constitution of the United States and is indifferent to the consequences.

87. Defendant The City of New York, through the NYCDOC, has *de facto* policies that encourage strip-searches.

88. Defendants The City of New York, County of Kings, and District Attorney Charles J. Hynes, at all relevant times, were aware that the individual defendants routinely committed constitutional violations such as those at issue here and have failed to change their policies, practicies, and customs to stop this behavior.

89. Defendants The City of New York, County of Kings, and District Attorney Charles J. Hynes, at all relevant times, were aware that the individual defendants are unfit officers, attorneys, and employees who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

90. These policies, practices, and customs were the moving force behind Plaintiff's injuries.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorney's fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

Dated: New York, New York
       August 14, 2012

By: _____
GREGORY P. MOUTON, JR. (GM-4379)
The Law Office of Gregory P. Mouton, Jr.
Attorney for Plaintiff
244 5th Avenue, Suite G247
New York, NY 10001
Phone & Fax: (646) 706-7481

cc:

The Law Office of D. Andrew Marshall
Attorney for Plaintiff
225 Broadway, Suite 1804
New York, NY 10007
Phone: (212) 571-3030
Fax: (212) 587-0570