UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
RAFAEL SOTO,

                   Plaintiff,                    **MEMORANDUM OPINON**

     - v -

                                      CV-12-4241 (MKB)(VVP)

CITY OF NEW YORK, et al.,

                Defendants.
----------------------------------------------------------x

       At a telephone conference on February 21, 2014, the plaintiff's motion to compel the individual defendants to provide documents and other information concerning their personal financial circumstances was denied by the court.  This memorandum sets forth the reasons for my conclusion that the discovery sought by the plaintiff is not likely to lead to evidence admissible at trial.

       I recognize that some courts in cases cited by the plaintiff have determined that a defendant's personal financial information may be relevant to the issue of punitive damages, and have required defendants to provide discovery concerning those matters.  *See, e.g., Hamm v. Potamkin*, No. 98 Civ. 7425, 1999 U.S. Dist. LEXIS 5948, at *7-8 (S.D.N.Y. Apr. 26, 1999); *Open Housing Center, Inc., v. Kings Highway Realty*, No. CV-93-0766, 1993 U.S. Dist. LEXIS 15927, at *3-4 (E.D.N.Y. Nov. 8, 1993).[1]  Those decisions rest on the proposition that a defendant's financial condition is relevant to the issue of punitive damages because, to be effective in achieving the goals of punishment and deterrence, an award of punitive damages must be large enough to cause the defendant substantial distress.  *Open Housing Center*, 1993 U.S. Dist. Lexis 15927, at *3 (citing *Whitney v. Citibank, N.A.*, 782 F.2d 1106, 1119 (2d Cir. 1986)).

       Recent Supreme Court jurisprudence casts substantial doubt on that rationale.  For example, in *State Farm Mut. Auto. Ins. Co. v. Campbell* the Court overturned a punitive damages award it deemed to be excessive, stating that "[t]he precise award in any case, of course, must

---

[1]The plaintiff's citation to Judge Weinfeld's decision in *Cooper v. Hallgarten & Co.*, 34 F.R.D. 482, 484 (S.D.N.Y. 1994) appears to be entirely misplaced, as that case does not address punitive damages.

be based upon the facts and circumstances *of the defendant's conduct and the harm to the plaintiff*." 538 U.S. 408, 425 (2003) (emphasis added). Although the Court recognized that the purposes of punitive damages are deterrence and retribution, *id.*, 538 at 416, the degree of financial distress imposed on the defendant played no part in the Court's calculus concerning the excessiveness of the award. Rather, relying on the Court's previous decision in *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559 (1996), the Court identified the following three guideposts for evaluating punitive damages awards:

> (1) the degree of reprehensibility of the defendant's misconduct; (2) the disparity between the actual or potential harm suffered by the plaintiff and the punitive damages award; and (3) the difference between the punitive damages awarded by the jury and the civil penalties authorized or imposed in comparable cases.

*Campbell*, 538 U.S. at 418 (citing *Gore*, 517 U.S. at 575).

The Court's decision in *Gore* offers even more persuasive evidence that the degree of financial distress imposed on the defendant is of little moment in evaluating the amount of punitive damages that is to be properly awarded. There the court deemed an award of $2 million imposed on the defendant BMW of North America, Inc. to be "grossly excessive." Surely, if financial hardship were an important consideration, an award in that amount would hardly have been grossly excessive in view of the defendant's obvious financial resources. Instead, however, what was important to the Court in determining the amount of punitive damages was not how much hardship the punitive damages award imposed on the defendant, but the ratio between the amount of the punitive damages award and the amount of the compensatory damages award. *Gore*, 517 U.S. at 580-81. Although the Court eschewed a precise mathematical formula, it made clear that, barring exceptional circumstances, a punitive damages award should be less than 10 times than the compensatory damages award. *Id.* That view was reiterated in *Campbell*, where the Court suggested that when compensatory damages were substantial an award that was simply equal to the compensatory damage award would be at the limit of constitutionality. *See* 538 U.S. at 425.

These decisions suggest that the degree of financial hardship imposed on the defendant should not be an important consideration in determining the amount of a punitive

damages award.  That is particularly true here where there is little basis to believe that the individual defendants – who with one exception are police officers and assistant district attorneys – are likely to have any substantial resources that would justify an augmentation of punitive damages.  Of course, if the defendants were to offer evidence of their financial inability to withstand a punitive damages award, or to otherwise seek to argue that their financial condition should be taken into account, then discovery concerning their financial circumstances would be warranted.  But the defendants have affirmatively stated that they will not do so, and they certainly should be held to that undertaking.

In view of the above considerations, I conclude that the plaintiff's effort to compel the defendants to disclose extensive personal financial information is little more than a fishing expedition unlikely to lead to evidence admissible at trial.[2]

**SO ORDERED:**

*Viktor V. Pohorelsky*

VIKTOR V. POHORELSKY
United States Magistrate Judge

Dated:      Brooklyn, New York
            February 25, 2014

---

[2]Even if I were convinced that some discovery concerning the defendants' financial circumstances should be provided, compelling such discovery before summary judgment motion practice would be premature.  *See, e.g., McNamee v. Clemens*, No. 09 CV 1647, 2013 U.S. Dist. LEXIS 179736, at *27 (E.D.N.Y. Sep. 17, 2013); *Copantitla v. Fiskardo Estiatorio, Inc.*, No. 09 Civ. 1608, 2010 U.S. Dist. LEXIS 33430, at *48 (S.D.N.Y. Apr. 5, 2010).  Yet another option is bifurcation of trial, with discovery to be provided only after a determination has been made as to whether, and against whom, a punitive damages award should be entered.  *See Collens v. City of New York*, 222 F.R.D. 249, 254 (S.D.N.Y. 2004).